FILED

2024 Feb-21 PM 06:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MELISSA FENDLEY,
an individual,

      Plaintiff,

                                    CASE NO:

vs.

GUADALAJARA OF LEEDS, INC.,

      Defendant.

_____/

## COMPLAINT

Plaintiff, MELISSA FENDLEY ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues GUADALAJARA OF LEEDS, INC., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the Northern District of Alabama

1

pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3.     Plaintiff, MELISSA FENDLEY (hereinafter referred to as "FENDLEY") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. FENDLEY suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from paraplegia and requires a wheelchair for mobility. Prior to instituting the instant action, FENDLEY visited the Defendant's premises at issue in this matter on multiple occasions, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. FENDLEY continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.     The Defendant, GUADALAJARA OF LEEDS, INC., is a domestic corporation, registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief, GUADALAJARA OF LEEDS, INC, (hereinafter referred to as "GOL") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: the Guadalajara Restaurant located at 1800 Ashville Road, Leeds, Alabama (hereinafter

2

referred to as the "Restaurant").

5.     All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

6.     On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned by GOL is a place of public accommodation in that it is a retail establishment operated by a private entity that provides food and drink to the public.

8.     Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

9.     The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned by GOL. Prior to the filing of this lawsuit, Plaintiff visited the Restaurant at issue in this

lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below that she personally encountered.  In addition, Plaintiff continues to desire and intends to visit the Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurant in violation of the ADA.  FENDLEY has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11.     GOL is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

  i.   None of the parking spaces containing some indicia of accessibility are designated with raised signs;

  ii.  There is one parking space with some indicia of accessibility located near the exit from outdoor dining area that is located on excessive slopes that are too steep for a wheelchair user;

iii.   The parking space mentioned in the foregoing paragraph is not located on the shortest accessible route to any entrance, but rather is contiguous to a ramp that protrudes into the access aisle that is signed "exit" and which is equipped with a gate in a manner that does not provide sufficient maneuvering clearance for a wheelchair user to open the gate independently.

iv.   The public toilet room are not designated with accessible signage;

v.   The public toilet rooms lack a standard wheelchair accessible toilet stall;

vi.   The existing toilet stalls with some indicia of accessibility are too small for a wheelchair user to make a parallel transfer onto the water closet and lack a rear grab bar;

vii.   The lavatory pipes in the public toilet rooms are not insulated as necessary for a wheelchair user;

12.   There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by GOL that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.   To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance

with the provisions of the ADA.

14.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, GOL was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992.  To date, GOL has failed to comply with this mandate.

15.     Pursuant to 28 CFR §36.211, GOL is required to maintain its accessible features in operable working condition in a manner that is readily accessible to and usable by individuals with disabilities.  To date, GOL has also failed to comply with this mandate.

16.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

17.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against GOL and requests the following injunctive and declaratory relief:

A.      That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B.      That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.      That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.      That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.      That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 21st day of February, 2024.

Respectfully submitted,

By:   */s/ Edward I. Zwilling*
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701

Email: edwardzwilling@zwillinglaw.com